Major General (Ret.) James F.
COCHRAN, III

v.

The UNITED STATES.

No. 690–81C.

United States Claims Court.

May 27, 1983.

Charles M. Jones, Hinesville, Ga., for plaintiff. Jeffrey L. Arnold and Jones, Osteen, Jones & Arnold, Hinesville, Ga., of counsel.

Michael D. Morin, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant. David M. Cohen, Director, and Donnie Hoover, Asst. Director, Washington, D.C., of counsel.

### ORDER ON PLAINTIFF'S MOTION FOR REHEARING

PHILLIP R. MILLER, Judge.

Plaintiff seeks rehearing of the court's decision which remanded this case to the Army Judge Advocate General for only limited reconsideration of the appropriateness of the punishment to be imposed for plaintiff's offenses. *Cochran v. United States,* 1 Cl.Ct. 759 (1983). For the following reasons, the motion is denied:

Plaintiff contends that affidavits he submitted in opposition to defendant's motion for summary judgment raise factual issues related to his claim that General

**4**

Shoemaker, the commander who initiated proceedings and conducted the Article 15 nonjudicial hearing,[1] was predisposed against plaintiff and predetermined the punishment. Plaintiff presented the same claim of prejudgment, including the same allegations in support thereof, to Major General (MG) Clausen, the Judge Advocate General, on review of General Shoemaker's decision. In his decision on appeal, MG Clausen stated that he "carefully review[ed] the evidence, which includes written matters supplied by MG Cochran's attorney that were not available when [General Shoemaker] imposed punishment." Plaintiff makes no contention that during the appellate procedure MG Clausen failed to consider the allegations that General Shoemaker had prejudged the issues and predetermined the penalty. Nor does plaintiff argue that MG Clausen himself was predisposed against plaintiff. To the extent that plaintiff's motion raises factual matters related to the claim of bias, such factual disputes are beyond the court's authorized scope of review. As noted in the prior opinion, pursuant to the authority of *Dumas v. United States*, 223 Ct.Cl. 465, 620 F.2d 247 (1980), the court's function in this case is limited to ascertaining whether or not there has been "disregard or violation of the Constitution, statute or regulations in the conduct of the proceedings." *Cochran v. United States, supra,* 1 Cl.Ct. at 770.

Plaintiff next asks the court to reconsider its statement that "plaintiff [does not] deny the truth of General Shoemaker's finding that 'As to the misuse of aircraft, MG Cochran testified before me that his actions were admittedly wrong.'" *Cochran v. United States, supra,* 1 Cl.Ct. at 770. To refute the court's statement plaintiff cites the following averment from his own affidavit:

> Contrary to defendant's assertions, on July 1, 1981, Major General Cochran elected to participate in the Article 15, UCMJ proceeding as to the charges * * * but at no time did he elect to be punished

nor did he ever admit any guilt as to the charged offenses.

▮ The court construed this to mean that the *election* to proceed under Article 15 was not an admission of guilt by plaintiff. However, if the statement was intended to have a broader meaning, the decision in this case would still not be changed. Construed as plaintiff urges, the statement simply raises an issue of credibility between plaintiff and General Shoemaker. As discussed herein and in the court's opinion, resolution of such matters was for the military reviewing authorities and not this court. *Dumas v. United States, supra.*

▮ Finally, plaintiff complains that he has not had the opportunity to take the deposition of General Shoemaker. However, absent a strong preliminary showing of bad faith, it is improper to permit inquiry into the mental processes or methods by which an administrative decision maker reached his conclusions. *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971); *United States v. Morgan,* 313 U.S. 409, 421–22, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941). Plaintiff has failed to make such a showing in this case.