**STANDARD MANUFACTURING CO., Plaintiff,**

v.

**The UNITED STATES, Defendant;**

**Hydraulics International, Inc., Intervenor.**

**No. 594–84C.**

United States Claims Court.

Dec. 7, 1984.

---

Theodore M. Bailey, San Antonio, Tex., for plaintiff.

J. Weili Cheng, Washington, D.C., with whom were Acting Asst. Atty. Gens., Richard K. Willard and David M. Cohen, Washington, D.C., for defendant.

Dean Francis Pace, Los Angeles, Cal., for intervenor.

## ORDER ON MOTIONS RELATING TO DISCOVERY

WHITE, Senior Judge.

Standard Manufacturing Company, the plaintiff, seeks declaratory and injunctive relief against the United States under 28 U.S.C. § 1491(a)(3) (1982) in connection with a Certificate of Competency which the Small Business Administration (SBA) issued on or about November 7, 1984, to Hydraulics International, Inc., the intervenor.

According to the complaint, the plaintiff, the intervenor, and four other corporations submitted offers in response to a Request for Proposals (RFP) which the Air Force issued on or about May 29, 1984, for its anticipated 3-year requirements for a device known as the Aerial Stores Lift Truck, MJ–1B, sometimes referred to as the Bomb Lift Loader. The procurement had been set aside for small business.

It is inferred that the intervenor submitted the proposal that would be least expensive to the Government. In any event, the complaint states that the contracting officer determined the intervenor to be a non-responsible offeror. The intervenor then applied to the SBA for a Certificate of Competency; and, on or about November 7, 1984, the Washington headquarters of the SBA granted a Certificate of Competency to the intervenor. Thereupon, on November 7, 1984, the Air Force orally notified the plaintiff that it intended to award a contract on the solicitation to the intervenor.

The present action followed.

The plaintiff has filed a "Motion to Order Expedited Limited Discovery"; and the defendant and intervenor have responded by filing motions for protective orders.

### Depositions

In its motion, the plaintiff proposes (*inter alia*) to take the depositions of the following individuals:

(1) The Air Force contracting officer who made the initial determination that the intervenor was non-responsible;

(2) The Air Force project engineer on the Bomb Lift Loader project;

(3) The Air Force engineer who participated in the pre-award survey of the intervenor;

(4) The SBA official in Washington who made the decision to grant the Certificate of Competency to the intervenor;

(5) The official in the SBA regional office who acted for that office on the intervenor's application for a Certificate of Competency; and

(6) The SBA personnel who provided technical guidance and information on the basis of which the SBA determined that the intervenor was entitled to a Certificate of Competency.

According to the complaint, the posture of the case at this point is that the plaintiff, a responsible offeror, has submitted a responsive proposal in accordance with the

RFP; and the plaintiff is seeking judicial relief from the action of the SBA in issuing a Certificate of Competency to the intervenor.

■ Of course, some official of the SBA acted finally for the Washington headquarters of the agency in deciding that a Certificate of Competency should be issued to the intervenor. Under the provisions of 15 U.S.C. § 637(b)(7)(C) (1982), the affirmative action of this official superseded the previous action of the Air Force contracting officer regarding the non-responsibility of the intervenor, and was binding upon the contracting officer and upon all other procurement personnel of the Government. As the Air Force contracting officer and other Air Force personnel do not bear any responsibility for the issuance of the Certificate of Competency to the intervenor, it would be inappropriate to depose such personnel concerning the action of the SBA deciding official.

Therefore, under a line of decisions by our predecessor, the United States Court of Claims, and by this court, the plaintiff has the burden of proving that, in relation to its proposal, the action of the SBA deciding official was not "fair and impartial" (*Heyer Products Company v. United States*, 135 Ct.Cl. 63, 69, 140 F.Supp. 409, 413 (1956)), or was "arbitrary or capricious" (*Keco Industries, Inc. v. United States*, 192 Ct.Cl. 773, 782, 428 F.2d 1233, 1238 (1970)), or was "in violation of the * * * [plaintiff's] rights under the Constitution, * * * contrary to statutes or regulations, or * * * otherwise arbitrary or capricious" (*Related Industries, Inc. v. United States*, 2 Cl.Ct. 517, 520 (1983)), or was without a "rational basis" (*Planning Research Corp. v. United States*, 4 Cl.Ct. 283, 291 (1983)).

The plaintiff's complaint is against the issuance of the Certificate of Competency to the intervenor. Consequently, the plaintiff has the burden of proving that the action of the SBA deciding official was improper under the judicially established standard mentioned in the preceding paragraph.

■ Turning now to the portion of the plaintiff's motion seeking leave to take the deposition of the SBA official who made the final decision authorizing the granting of a Certificate of Competency to the intervenor, the problem is whether it is permissible for a litigant to quiz an administrative official concerning the latter's reasons for making, in an administrative proceeding, a determination to which the litigant objects. This question was considered by the Supreme Court in the case of *United States v. Morgan*, 313 U.S. 409, 61 S.Ct. 999, 85 L.Ed. 1429 (1941). That case involved a determination by the Secretary of Agriculture fixing the maximum rates that could be charged by market agencies under the Packers and Stockyards Act. The Court analogized the role of the Secretary in presiding over an administrative proceeding to that of a judge; and the Court concluded that probing the Secretary's mental processes would violate the integrity of the administrative process (*id.* at 422, 61 S.Ct. at 1004).

Subsequent decisions by the Supreme Court have relaxed somewhat the broad prohibition announced by the Court in *Morgan*. In *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), the Court indicated that where there was no contemporaneous explanation in the administrative record of an administrative official's decision, a lower court might permit the decision maker to be examined concerning the decision (*id.* at 420, 91 S.Ct. at 825).

Also, in *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (*per curiam*), the Court suggested that "[i]f * * there was such failure to explain administrative action as to frustrate effective judicial review, the remedy was not to hold a *de novo* hearing but, as contemplated by *Overton Park*, to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary" (*id.* at 142–43, 93 S.Ct. at 1244).

In the present case, the defendant has filed under seal, and subject to an agree-

ment of the parties and court order as to the confidentiality of certain information, the SBA administrative record relating to the intervenor's application for a Certificate of Competency, as well as what appears to be the Air Force administrative record relating to the intervenor's proposal. Copies of the same materials have been furnished by the defendant to plaintiff's counsel under the agreement and order as to confidentiality.

The SBA administrative record reveals that the final decision for the SBA authorizing the issuance of a Certificate of Competency to the intervenor was made by Donald P. Young, Associate Administrator for Procurement and Technical Assistance. The Associate Administrator's decision itself does not explain the reasons why he concluded that the intervenor was entitled to receive a Certificate of Competency. Attached to the decision, however, are the minutes of a Review Committee meeting at which the members of the committee recommended that a Certificate of Competency be issued to the intervenor, the affirmative recommendation being based upon seven enumerated grounds. Thus, the reasons for the issuance of the Certificate of Competency to the intervenor are known.

Under the decisions of the Supreme Court previously cited, therefore, it is not permissible for the plaintiff to depose the Associate Administrator concerning his decision to authorize the issuance of a Certificate of Competency to the intervenor.

If the SBA deciding official cannot be questioned concerning the reasons for the decision, it necessarily follows that other SBA personnel involved in the processing of the intervenor's application for a Certificate of Competency cannot be quizzed as to why the various intermediate actions were taken.

Accordingly, the portion of the plaintiff's discovery motion relating to the taking of depositions must be denied.

### Documents

The plaintiff's discovery motion also requests leave to examine certain documents in the administrative records of the Air Force and of the SBA. So far as the court can determine, however, copies of the documents referred to in the motion have been furnished to plaintiff's counsel by the defendant in the meantime under the agreement and order of confidentiality previously mentioned.

### Conclusion

For the reasons previously mentioned, the plaintiff's "Motion to Order Expedited Limited Discovery" is denied insofar as the taking of depositions is concerned, and is denied without prejudice as moot insofar as it seeks leave for the discovery of the documents specified in the motion.

In view of the court's disposition of the plaintiff's discovery motion, the motions of the defendant and of the intervenor for protective orders are denied without prejudice as moot.

IT IS SO ORDERED.