Herbert A. TERRELL, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 408–83C.

United States Claims Court.

Dec. 28, 1984.

Herbert A. Terrell, Baltimore, Md., pro se.

Joseph T. Casey, Jr., Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard K. Willard, Washington, D.C., for defendant.

### ORDER

KOZINSKI, Chief Judge.

#### Facts

In September 1980, plaintiff was commissioned as a reserve officer in the Army Judge Advocate General's Corps. On September 28 he reported to Fort Lee, Virginia for orientation. While at Fort Lee, he spoke with an Army psychologist and explained his theory of telemetric telepathy, a system whereby certain individuals (operators) control the thoughts, words, and deeds of others (victims). Plaintiff claimed that he was a victim and had been for some time.

As a result of these consultations, plaintiff was hospitalized and diagnosed as a paranoid schizophrenic. He was transferred to the Portsmouth Naval Regional Medical Center for in-patient psychiatric treatment. At Portsmouth, plaintiff was evaluated by a Navy medical board and transferred to Fort Eustis, Virginia. He ended up at the Walter Reed Army Medical Center, where his case was considered by a physical evaluation board.

The board determined that plaintiff's condition prevented him from performing his assigned duties and that it was a pre-induction condition that had not been aggravated by his military service. The board recommended that plaintiff be separated without benefits. In February of 1981 a formal physical evaluation board was convened at plaintiff's request. It affirmed the initial board's findings, and was itself affirmed in turn by the U.S. Army Physical Disability Agency (USAPDA). Plaintiff was discharged April 6, 1981.

Plaintiff immediately filed suit in the Eastern District of Pennsylvania, seeking damages for his treatment and confinement, as well as reinstatement. He argued that the Army had deprived him of due process and had violated its own regulations. The court denied plaintiff's request for an injunction and granted summary judgment in favor of defendant on plaintiff's constitutional and statutory claims. The district court dismissed without prejudice plaintiff's claims for reinstatement and back pay.

Plaintiff next sought relief in the Army Board for the Correction of Military Records (ABCMR). The board denied him relief on September 12, 1983. Plaintiff then brought a second action in district court, raising many of the same claims as

in his original complaint, and also challenging the ABCMR decision. The district court allowed plaintiff to withdraw his suit and he refiled in this court.

On August 22, 1983, defendant moved for summary judgment. On November 21, 1983, the court suspended all discovery pending the resolution of defendant's motion. Plaintiff has responded to the summary judgment motion. At the same time, he argues that he needs discovery to make his case more convincing. Accordingly, plaintiff has moved for leave to file out of time a motion for reconsideration of the suspension order.

### Issues Presented

Plaintiff states four counts in his complaint. First, he claims that the Army violated his rights to privacy, freedom of expression, and control over his mental processes, and that it subjected him to involuntary behavior experimentation and involuntary drug therapy in violation of the first, fifth and ninth amendments. Second, he alleges that as a result of the Army's unlawful treatment he has been deprived of his employment and has lost professional stature. Third, plaintiff claims that his discharge violated Army regulations and deprived him of procedural due process under the fifth amendment. Fourth, plaintiff claims that the ABCMR acted arbitrarily and capriciously, and abused its discretion in failing to reinstate him.

Defendant argues that plaintiff's first three counts are barred by res judicata because the district court granted the government's summary judgment motion on these claims in plaintiff's first suit. The government also points out that these claims sound in tort and are therefore beyond this court's jurisdiction. With respect to count four, defendant argues that the ABCMR did not abuse its discretion in refusing to grant plaintiff reinstatement and back pay.

### Discussion

#### A. *Res Judicata*

■ Plaintiff originally filed suit in the Eastern District of Pennsylvania, demanding reinstatement and damages. The court dismissed plaintiff's claim for reinstatement without prejudice since he had not exhausted his administrative remedy before the ABCMR. The court did, however, grant summary judgment in favor of the government "on all remaining claims, including claims for damages for alleged violations of plaintiff's constitutional and statutory rights." *Terrell v. United States*, No. 81–1418, slip op. at 3 (E.D.Pa. Jan. 22, 1982).

The doctrine of res judicata or claim preclusion provides that "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981); *Syntex Ophthalmics, Inc. v. Novicky*, 745 F.2d 1423, 1432 (Fed.Cir.1984); *Young Engineers, Inc. v. ITC*, 721 F.2d 1305, 1314 (Fed.Cir.1983). The district court held that plaintiff's claims based upon his treatment by the military were foreclosed by the doctrine of service immunity. *Terrell*, No. 81–1418, slip op. at 8. At that time, plaintiff had failed to identify or challenge "any specific army regulation as being unconstitutional in substance or application." *Id.* at 6.[1]

Plaintiff would escape the effects of the prior judgment by arguing that the district court did not dismiss his claims on the merits, but because there were other remedies to which he had recourse. Further, he argues that the present suit is based on a different statute and seeks different remedies. Moreover he suggests that since the district court was not required to decide that his claims were barred by the doctrine of service immunity, res judicata is inapplicable.

---

1. The court denied plaintiff's motion to amend his complaint for failure to comply with the rules and because he "stated only vague and conclusory allegations." *Terrell*, No. 81–1418, slip op. at 5, footnote.

The district court's opinion leaves no doubt that the court there resolved plaintiff's constitutional and statutory claims on the merits. It held that any such claims were barred by the doctrine of service immunity under *Feres v. United States*, 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950); *Jaffee v. United States*, 592 F.2d 712 (3d Cir.), *cert. denied* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979); and *Jaffee v. United States*, 663 F.2d 1226 (3d Cir.1981). The court specifically entered judgment for defendant on all "claims for damages for alleged violations of plaintiff's constitutional and statutory rights." *Terrell v. United States*, No. 81–1418, Order of January 22, 1982 (E.D.Pa.).

Having had the opportunity to litigate his constitutional and statutory claims, plaintiff is now barred from relitigating these same claims, as well as any claims based upon the same transaction that could have been raised but were not. *Syntex Ophthalmics, Inc.*, 745 F.2d at 1432; *Young Engineers, Inc.*, 721 F.2d at 1314. His first three counts are barred by res judicata.

B. *The ABCMR Decision*

Plaintiff claims that the ABCMR relied solely on "tainted" medical evidence compiled by the Army during his diagnosis and treatment in violation of various Army regulations. He maintains that his discharge as unfit for active duty was contrary to the evidence of record and to accepted medical principles. He further claims that the board ignored evidence he had presented rebutting the findings of the Army, and that it failed to find a sufficient nexus between his condition and the performance of his duties as required by Army regulations.

 The court's review of an ABCMR ruling is very circumscribed. Plaintiff bears the burden of producing "clear and convincing evidence of arbitrary or capricious action before the court will interfere with the findings by the Secretary of the military service or by a correction board." *Armstrong v. United States*, 594 F.2d 804, 205 Ct.Cl. 754, 761 (1974). *See also Sanders v. United States*, 219 Ct.Cl. 285, 298 (1979); *Weide v. United States*, 4 Cl.Ct. 432, 435 (1984). Absent evidence that the ABCMR acted arbitrarily and capriciously, it is well settled that, "responsibility for determining who is fit or unfit to serve in the armed services is not a judicial province; and that courts cannot substitute their judgment for that of the military departments when reasonable minds could reach differing conclusions on the same evidence." *Heisig v. United States*, 719 F.2d 1153, 1156 (Fed.Cir.1983) (footnotes omitted); *Sanders*, 219 Ct.Cl. at 302.

 Here the board's opinion summarized the findings contained in the medical records presented by the Army, and concluded that "[t]he applicant has failed to submit sufficient relevant evidence to demonstrate the existence of probable material error or injustice to warrant a formal hearing." *Terrell v. United States*, Cl.Ct. No. 408–83C, Administrative Record Part VI, at 006 (September 12, 1983). The board specifically noted that it had considered all of the evidence and information provided by Mr. Terrell, the advisory opinions of the Surgeon General and the USAPDA, as well as the "statutory and/or regulatory provisions pertaining thereto." *Id.* at 005. It concluded that "[t]he medical evidence of record indicates that the applicant was physically unfit for retention due to EPTS paranoid schizophrenia." *Id.*

From its opinion it seems clear that the board took into consideration the evidence presented by plaintiff, as well as the applicable regulations, and determined that plaintiff was unfit for military service because of his condition. Plaintiff has failed to demonstrate that the board's decision is arbitrary, capricious or contrary to law, or that no reasonable mind could reach the same conclusion. The court is, therefore, precluded from adopting another view.[2]

2. Plaintiff's Motion for Enlargement of Time or to Receive Plaintiff's Motion for Reconsideration of the Court's Order Denying Discovery, filed August 16, 1984, is denied. Plaintiff seeks

## Conclusion

Defendant's motion for summary judgment is granted. The clerk is directed to dismiss the complaint with costs to the prevailing party.

discovery to inquire into the decision-making process of the ABCMR. In determining whether or not the ABCMR acted arbitrarily or capriciously the court is limited to "reference to the facts that were before the agency when it acted." *Ellis v. United States,* 550 F.Supp. 674, 1 Cl.Ct. 6, 9 (1982), *aff'd in part and rev'd in part,* 711 F.2d 1571 (Fed.Cir.1983). Those facts are contained in the administrative record and it is to that record the court must look to determine whether the ABCMR acted properly. Further, "absent a strong preliminary showing of bad faith, it is improper to permit inquiry into the mental processes or method by which an administrative decision maker reached his conclusions." *Cochran v. United States,* 3 Cl.Ct. 3, 4 (1983) (citing *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971); *United States v. Morgan,* 313 U.S. 409, 421–22, 61 S.Ct. 999, 1004, 85 L.Ed. 1429 (1941)). Plaintiff has made no such showing.