**CUBIC APPLICATIONS, INC., Plaintiffs,**

v.

**The UNITED STATES, Defendant,**

and

**Logicon RDA, Intervenor.**

No. 97–29C.

United States Court of Federal Claims.

Jan. 29, 1997.*

---

* This opinion was originally issued and filed under seal on January 27, 1997. The parties subsequently indicated to the court that the opinion does not contain any proprietary or secret information. Thus, the opinion is being released for publication on this date, with the addition of this note as the only change.

James J. McCullough, Washington, DC, for plaintiff.

E. Michael Chiaparas, Department of Justice, with whom were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and Kirk T. Manhardt, Assistant Director, all of Washington, DC, for defendant. Major Daniel K. Poling, United States Army Legal Services Agency, Arlington, Virginia, of counsel.

Michael A. Gordon, Rockville, Maryland, for intervenor.

## OPINION

BRUGGINK, Judge.

This is a bid protest action. It is the first such proceeding brought under the court's recently expanded jurisdiction over post-award bid protests. The matter is presently before the court on the plaintiff's motion for expedited discovery and for limitation of the administrative record, and on the government's motion to designate the entire administrative record existing at the General Accounting Office as the administrative record to be reviewed by this court. Oral argument was held on January 24, 1997. For the following reasons the government's motion is granted, with limitations, and the plaintiff's motion is denied, with one exception.

### Discussion

An unsuccessful bidder on a federal procurement contract may now challenge the contracting agency's actions in the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(b) (1994), *as amended by* Administrative Dispute Resolution Act of 1996, Pub.L. No. 104–320, 110 Stat. 3870, 3874–74 (1996). Prior to this revision, such post-award bid protest actions were only judicially reviewable by the federal district courts under the standards set out by the Administrative Procedure Act (APA), 5 U.S.C. §§ 701–

706 (1994). Under the new version of the statute, this court must also apply the standards set out by the APA in reviewing the agency's award decision.

This action concerns an award made by the United States Army for battle simulation exercise training services in Europe.[1] Plaintiff, Cubic Applications, Inc., is the incumbent on a prior contract for similar services. It unsuccessfully competed for the new award. Logicon RDA was the awardee, and now appears as an intervenor. Although Logicon personnel are beginning to phase into the new contract, it is not scheduled to begin performing until February 28, 1997, prior to which time Cubic remains in position. In part for that reason, the court denied Cubic's request for a temporary restraining order. *See* Order of January 17, 1997.

Upon learning of its unsuccessful bid and the subsequent award to Logicon, Cubic filed a bid protest at the General Accounting Office (GAO). *See* 31 U.S.C. §§ 3551–3556 (1994). The appeal was rejected.

The APA contemplates court review, on a limited basis, of "agency action." 5 U.S.C. § 702. Whatever the focus of inquiry might be in the event the agency accedes to the GAO recommendation by altering its prior action,[2] here the "final" agency action remains the same—the Army's award to Logicon. It is that decision and not the GAO recommendation that is subject to review here. *Health Sys. Mktg. & Dev. Corp. v. United States,* 26 Cl.Ct. 1322, 1325 (1992).

Neither the agency nor this court is bound by the determination of the GAO. *See Honeywell, Inc. v. United States,* 870 F.2d 644, 649 (Fed.Cir.1989); *IMS Servs. v. United States,* 33 Fed.Cl. 167, 183–84 (1995); *Bellevue Bus Serv., Inc. v. United States,* 15 Cl.Ct. 131, 134 n. 3 (1988); *Essex Electro Eng'rs, Inc. v. United States,* 3 Cl.Ct. 277,

---

1. Due to the proprietary nature of certain business information of both the plaintiff and the intervenor that is involved in this case, the court, pursuant to the parties' request, entered a Protective Order on January 16, 1997. In addition, because of similar concerns, the court has ordered that the file in this case be kept under seal by the Clerk.

2. *See Honeywell, Inc. v. United States,* 870 F.2d 644 (Fed.Cir.1989); *Carothers Constr., Inc. v. United States,* 18 Cl.Ct. 745 (1989). In these cases, the agency changed its conduct in response to a GAO recommendation. The final agency action thus was not the first decision but the last, which was taken in reliance on the GAO recommendation.

282 (1983). Nevertheless, the recommendation of the GAO is made a part of the record here by statute. 31 U.S.C. § 3556. Moreover, while acknowledging the "advisory nature" of such a recommendation, in view of the expertise of the GAO in procurement matters, this court may rely upon such a decision for general guidance to the extent it is reasonable and persuasive in light of the administrative record. *Bellevue*, 15 Cl.Ct. at 134 n. 3. Thus, it may be an aid to the court in better understanding and evaluating the procurement. *Health Sys.*, 26 Cl.Ct. at 1325 (quoting *Technology for Communications, Int'l, Inc. v. Garrett*, 783 F.Supp. 1446, 1449 n. 6 (D.D.C.1992)).

■■■ Although the court's review is *de novo* with respect to the GAO recommendation, it is not *de novo* in the sense that the court may put itself into the agency's position in deciding to whom the award should be made. Although the inquiry is to be searching, it does not permit the court to substitute its judgment for that of the agency. *Citizens To Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416–20, 91 S.Ct. 814, 824–25, 28 L.Ed.2d 136 (1971). Rather, the standard of review is whether the decision below was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2).[3] The court's inquiry is therefore based on an examination of the "whole record" before the agency; that is, all the material that was developed and considered by the agency in making its decision. *Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973).

■■■ The focal point for judicial review "should be the administrative record already in existence, not some new record made initially by the reviewing court." *Id. See also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743–44, 105 S.Ct. 1598, 1606–07, 84 L.Ed.2d 643 (1985). For that reason, "post hoc" rationalizations by the agency are afforded little weight. *See Citizens to Preserve Overton Park*, 401 U.S. at 419, 91 S.Ct. at

825. A court reviewing an agency decision under the APA standard may, however, consider "extra-record" evidence in limited situations, such as those identified in *Esch v. Yeutter*, 876 F.2d 976 (D.C.Cir.1989):

(1) when agency action is not adequately explained in the record before the court; (2) when the agency failed to consider factors which are relevant to its final decision; (3) when an agency considered evidence which it failed to include in the record; (4) when a case is so complex that a court needs more evidence to enable it to understand the issues clearly; (5) in cases where evidence arising after the agency action shows whether the decision was correct or not; (6) in cases where agencies are sued for a failure to take action; (7) in cases arising under the National Environmental Policy Act; and (8) in cases where relief is at issue, especially at the preliminary injunction stage.

*Id.* at 991 (quoting Steven Stark & Sarah Wald, *Setting No Records: The Failed Attempts to Limit the Record in Review of Administrative Action*, 36 Admin.L.Rev. 333, 345 (1984)). These same exceptions are also applied by this court. *See, e.g., Stapp Towing Inc. v. United States*, 34 Fed.Cl. 300, 307–08 (1995); *IMCO v. United States*, 33 Fed.Cl. 312, 317 (1995); *Bradley v. United States*, 26 Cl.Ct. 699, 701 (1992); *Simons v. United States*, 25 Cl.Ct. 685, 694 n. 17 (1992). Supplementation of the record in a given case thus depends on the particular circumstances.

*1. What Constitutes the Administrative Record?*

These general rules of review and discovery are somewhat complicated when the protester has first made an unsuccessful effort at getting relief by an appeal to the GAO. In filing the administrative record here, the government has included everything that was assembled before the GAO, prompting the pending cross-motions with respect to what constitutes the administrative record.

---

**3.** The relevant test in the context of a bid protest is whether the agency's conduct was:
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 (B) contrary to constitutional right, power,

privilege, or immunity; (C) in excess of statutory jurisdiction, authority or limitations, or short of statutory right; [or] (D) without observance of procedure required by law. . . .
5 U.S.C. § 706(2).

By statute, three potential products of the GAO review are automatically part of the record here:

the reports required by sections 3553(b)(2) and 3554(e)(1) of this title with respect to such procurement or proposed procurement and any decision or recommendation of the Comptroller General under this subchapter with respect to such procurement or proposed procurement shall be considered to be part of the agency record subject to review.

31 U.S.C. § 3556. The first reference is to the agency report required by 31 U.S.C. § 3553(b)(2). The parameters of this report are set out in the relevant regulations. *See* 4 C.F.R. § 21.3(c) (1996). In this case, the agency submitted an initial report and, when Cubic filed a supplemental protest, a supplemental report. The guiding principle of the regulation is that the documents in the report shall be "relevant" to the procurement. In addition, the protester in this case was provided with certain other pre-decisional documents, which became part of the GAO record. All of these materials have now been submitted to the court as part of the record here. There was no report required by 31 U.S.C. § 3554(e)(1), as the agency has not failed to implement the GAO recommendation.

The court asked the Government, in submitting the record, to identify three categories of materials: 1) those that existed prior to the GAO appeal; 2) those additional materials that were submitted as part of the agency reports; 3) and those materials that were neither part of the agency decisional record nor the agency reports to the GAO. Plaintiff seeks to strike all materials in categories 2) and 3). The government seeks confirmation that all three categories are part of the record here.

The record must naturally include all materials upon which the agency relied in awarding the contract at issue. The difficulty here is that by submitting everything that was submitted to the GAO, the parties to that proceeding may have included materials that are both post-decisional and that would not otherwise be considered in an APA review. The court has in mind the affidavits, summaries, and argument submitted that did not exist as of the time of the award.

The agency is required by statute and regulations to submit a "report." 31 U.S.C. 3553(b)(2). The report must include:

the contracting officer's statement of the relevant facts, a memorandum of law, and an index and a copy of all relevant documents including, as appropriate: The protest; the bid or proposal submitted by the protester; the bid or proposal of the firm which is being considered for award, or whose bid or proposal is being protested; all evaluation documents; the solicitation, including the specifications or portions relevant to the protest; the abstract of bids or offers or relevant portions; and any other relevant documents.

4 C.F.R. § 21.3(c) (1996). In this case there were two such reports. The second report was prompted by the protester's supplementation of its original protest before the GAO. Each report begins with an analysis by the agency, through the United States Army Legal Services Agency. These documents are plainly argument from the record as it existed as of the time of the agency decision. They cannot be considered to achieve any evidentiary weight merely by their inclusion in the administrative record.

██ Attached to the second agency report are also the newly-created statements of Colonel David Clagett, Jr., chairman of the Source Selection Advisory Council for this contract, and Lieutenant Colonel Donald Huff, chairman of the Source Selection Evaluation Board for this contract. In the absence of a GAO record, these are the types of materials that the court would not receive or solicit, absent some need to supplement the agency record. To the extent they purport to provide new evidence in support of the agency decision, they would normally come too late. To the extent they point to the record at the agency, they are, in substance, argument. They are useful, but innocuous, because they are only a guide to documentary justification already in existence. By statute, however, the court is directed to treat all these materials as part of the record. *See* 31 U.S.C. § 3556. The court has no choice but to do so. It does, nevertheless, have a choice

about the degree of relevance to assign to them. As the court explained during oral argument, absent some other basis to consider these post-decisional materials, it will view them, not as evidence, but as argument. Their only potential utility, other than as a key to the agency record, is to demonstrate what issues were raised or not raised at the GAO.

The more problematic materials are the "comments" of the protester and the intervenor, along with their attached statements, which were filed with the GAO, pursuant to its regulations. *See* 4 C.F.R. § 21.3(h)-(i) (1996).[4] Cubic's comments relied on the signed statements of Ruth Van Sickle, Cubic's controller and vice president in charge of contract administration, and Wayne Hansom, Cubic's Program Manager for the prior battle simulation training exercises contract in Europe. The intervenor's comments included signed statements by Alfred Ferrari, Vice President of Logicon, and Clyde Crisp, a subcontractor employee.

 The GAO is permitted by its function and under its own regulations to obtain "the submission of additional statements by the parties and by other parties not participating in the protest as may be necessary for the fair resolution of the protest." 4 C.F.R. § 21.3(i). Because, by statute, the record here includes the GAO decision, it is the court's view that everything admitted in the GAO proceeding can be offered by the government as part of the record here. The court is obligated to acknowledge the GAO recommendation. The only way to give it context is for the court to have before it the materials relied on, if for no other reason, to test the persuasiveness of the recommendation. The court recognizes that presumptively including the entire GAO record creates a risk that some materials automatically become part of the record here despite the fact that they might not be considered as part of an APA analysis. Typically, that material will be innocuous. If a party has a concern about the court's use of it, however, the remedy is a motion to limit the record or a motion for discovery. Cubic has properly

proceeded on both fronts here. While the court rejects Cubic's motion to limit the record, it does so after explaining to the parties that, under the circumstances here, none of the challenged materials have evidentiary weight under any of the *Esch* exceptions.

### 2. Discovery

It follows from the limited standard of review, as well as other considerations, that discovery, while available, is subject to greater limitations than in a *de novo* proceeding. *Citizens to Preserve Overton Park*, 401 U.S. at 420, 91 S.Ct. at 825–26. *See also Saratoga Dev. Corp. v. United States*, 21 F.3d 445, 457–58 (D.C.Cir.1994). Although discovery may be appropriate as a necessary means to understanding the agency's action, it normally would not be likely to lead to relevant evidence given the truncated nature of the court's review. *See CACI Field Services, Inc. v. United States*, 12 Cl.Ct. 680, 684 (1987).

 Here the plaintiff seeks to depose five individuals: Major General George Harmeyer, Commander, Seventh Army Training Command (7ATC), the Source Selection Authority; Michael Mazrum, Chief, Financial Services Office of the Wiesbaden Regional Contracting Command; Kelly Stratton–Feix, Contracting Officer; Lt. Col. Donald Huff, Deputy Director of Simulations, Directorate of Training, 7ATC; and Col. David Clagett, Jr., Commander of the United States Army Contracting Command, Europe. Cubic contends that discovery is appropriate for three of the reasons suggested in the *Esch* decision: a) the agency has failed to consider factors which are relevant to its final decision; b) the case is so complex that the court needs more evidence to be able to understand the issues clearly; and c) because relief is automatically an issue in a suit seeking an injunction.

Insofar as plaintiff focuses its request for discovery on Counts II through IV of the complaint, the court finds none of these factors to be applicable. The court has considered much of the extensive record before it:

---

4. Cubic correctly argues that the government neglected to isolate these as materials that fall

into the third category identified by the court in its Order of January 17, 1997.

the case does not strike the court as complex; the court's preliminary review of the record does not suggest that it failed to consider factors relevant to the final decision; and the discovery is not likely to uncover information not already available to the court that would help it decide if an injunction should issue.

The court notes moreover, that four of the five of the individuals sought for deposition by Cubic live in Germany, thus adding substantially to the inconvenience of discovery. In addition, Cubic had the opportunity to request a hearing at the GAO and seek the attendance of these individuals. *See* 4 C.F.R. § 21.7 (1996). It chose not to do so, weakening its contention that their testimony is essential. The fact that the GAO may have turned down such a request is irrelevant. The issues raised by way of justification for the depositions were all known to Cubic during the GAO proceeding. Accordingly, the court denies the request for expedited discovery of Gen. Harmeyer, Lt. Col. Huff, Mr. Mazrum, and Col. Claggett.

■ However, the court will make an exception with respect to the Contracting Officer, because of an issue not argued in Cubic's motion. Count I of the complaint raises a legal issue that was not presented to the GAO—whether the solicitation should be ruled void because of a failure to adhere to the requirements of 10 U.S.C. § 2304b (1994). During the hearing of January 17, 1997, the court directed the government that, if it was going to file an affidavit with respect to that question, it had to do so by January 24, 1997. It did so during the argument on the pending motions in the form of an affidavit by the Contracting Officer. Although the plaintiff objects to receipt of the affidavit, and the Government contends the plaintiff has waived the argument made in Count I, the court will nevertheless permit Cubic to depose Ms. Stratton–Feix with respect to the affidavit, despite the fact that she may have to travel to the United States. Although in the normal course of events the court would first resolve the questions of the admissibility of the affidavit and whether Cubic waived the issue of the application of section 2304b, here the circumstances dictate otherwise. The application of section 2304b is not addressed

at all in the existing record. If the provision Cubic relies on applied, and if plaintiff has not waived that issue, and if the agency did not treat the section as applicable, and if failure to apply it did not render the contract automatically void, the court would seek the agency's position on why it did not make the required determinations, and on whether it could have, at the time. Argument on the legal issues raised by Count I is scheduled to be heard February 3, 1997. Although this is a post-award appeal, Cubic is the incumbent on the project and will remain until February 28, 1997. It is the court's intention to resolve the protest before that date. In the court's view the potentially unnecessary inconvenience to Ms. Stratton–Feix is needed in order to give the court a complete record as quickly as possible on Count I.

*Conclusion*

■ Plaintiff's motion to limit the administrative record is denied. Accordingly, defendant's motion to accept the entire record before the GAO as the administrative record before this court is granted, with the limitations discussed above. Plaintiff's motion for expedited discovery is granted as to Kelly Stratton–Feix (the contracting officer). The balance of the motion is denied.