George Joseph WEIDE, Jr., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 354-82C.

United States Claims Court.

Feb. 17, 1984.

Homer A. Walkup, Alexandria, Va., for plaintiff.

Alexander Younger, Washington, D.C., with whom was Acting Asst. Atty. Gen. Richard Willard, Washington, D.C., for defendant.

## OPINION ON DEFENDANT'S MOTION TO DISMISS AND ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

TIDWELL, Judge:

This is a military pay case in which plaintiff, George Joseph Weide, was honorably discharged from the United States Army after being twice non selected for promotion. Plaintiff alleges that he was not promoted because of an Officer Efficiency Report (OER) which he asserts was completed by an improper rating officer in violation of Army regulations. Plaintiff seeks an order directing the removal of the offending OER, setting aside his discharge, and restoring him to active duty. Plaintiff also seeks an order requiring certain corrections in his military records and either promoting him to the grade of Captain in the Army or establishing a special selection board to consider him for promotion.

Defendant has moved to dismiss this action on the ground that plaintiff has failed to state a claim upon which relief can be granted, or in the alternative, for summary judgment on the grounds that (1) there is no genuine issue of material fact and defendant is entitled to judgment as a matter of law and (2) plaintiff's action is barred by the equitable doctrine of laches. Plaintiff has filed a cross-motion for summary judgment.

### FACTS

In September of 1970, plaintiff, then a second lieutenant in the United States Regular Army, was assigned as Communication

Officer of the Second Battalion, Tenth Infantry Division at Fort Carson, Colorado (Tenth Infantry). Shortly after his assignment to the Tenth Infantry, plaintiff was transferred to the Marksmanship Training Unit (MTU) of the Fourth Infantry Division. Plaintiff performed special duty with the MTU from November 23, 1970 until March 6, 1971. Plaintiff was then reassigned to the Tenth Infantry as a result of a reduction in MTU personnel.

Upon his return, plaintiff was assigned as Assistant S–1, reporting to Captain Stephen M. Voris. On April 10, 1971 plaintiff was given the additional duty of serving as a VOLAR (Volunteer Army) officer, responsible for promoting the all volunteer army. He was moved to a separate building and performed his VOLAR duties under the supervision of Major Peter R. Park. Major Park became the Executive Officer of the Tenth Infantry on June 25, 1971 and was replaced by Captain Sowa. Plaintiff served under Captain Sowa until July 11, 1971. On July 11, 1971, after having been promoted to First Lieutenant, plaintiff was reassigned to the position of Communication Officer of the First Battalion of the 29th Field Artillery Division at Fort Carson. Following this change of duty, an Officer Effeciency Report (OER) was completed evaluating plaintiff's performance. The rating officer was Captain Stephen M. Voris, the indorser was Major Peter R. Park, and the reviewer was Lieutenant Colonel George J. Pierce, Commander of Tenth Infantry. The OER covered the period of December 1, 1970 to July 11, 1971. The rater, Captain Voris, commented that the plaintiff "performed his duties in an extraordinary manner," and ranked plaintiff in the 77th percentile of officers of plaintiff's grade and branch known by Captain Voris. He also recommended that plaintiff be promoted along with his contemporaries and receive advanced course signal corps education. Major Park, who signed plaintiff's OER as indorser, stated that he was unable to evaluate plaintiff's performance because plaintiff had not been under his supervision for a 60-day period. The OER was submitted in August of 1971.

In early 1972, plaintiff reviewed his military records and discovered a number of errors. There was no record of his transfer to the MTU or of his reassignment back to the Tenth Infantry. The duration of his stay in the Tenth Infantry in a non-signal corps capacity was listed incorrectly and his OER for the period of December 1, 1970 to July 11, 1971 had lower markings than those on the immediately preceding OER. Plaintiff first discovered these alleged errors just prior to receiving orders for duty overseas. However, it was not until after his return from overseas duty on September 18, 1973 that plaintiff appealed the errors in his military record. The Military Personnel Center granted plaintiff relief but limited it to the insertion of a memorandum in plaintiff's record indicating: that plaintiff had served in the MTU from December 1, 1970 to March 7, 1971, that the duration of the December 1, 1970 to July 11, 1971 OER should be reduced to cover only the period from March 7, 1971 to July 11, 1971, and that plaintiff's military record should be adjusted so that the dates more accurately reflected the number of days plaintiff spent in the Tenth Infantry in his non-signal corps capacity. The gap in time left by this adjustment was filled by the inclusion of the statement "not rated period." Plaintiff was informed that his appeal would be reconsidered if he submitted additional evidence, such as a copy of his assignment or temporary duty orders, or an extract of a unit morning report, or a certified copy of the rating scheme in effect at the time together with a statement from Captain Voris.

Plaintiff alleges that he was not satisfied with the action taken by the Military Personnel Center but aside from consulting a career counselor in early 1974, he took no further action until December of 1977, when he applied for relief to the Army Board for Correction of Military Records (ABCMR).

Meanwhile, in June of 1974, plaintiff was temporarily promoted to the grade of Captain in the Army of the United States

(AUS).[1] The following year, in 1975, plaintiff received a letter from the Department of Army Headquarters informing plaintiff that he was among 2700 Army officers of which 2200 were projected to be separated from the Army. Plaintiff responded to the notification by letter reminding the Army, among other things, that the unrated time in his records was spent in the MTU. Later, plaintiff was advised that he had been selected for retention and that no reference to the projected reduction would be included in his military records. Apparently, in the course of this correspondence the memorandum that explained the reduction in time of the 1971 OER was removed. While plaintiff was not separated from the Army during the following two years, 1976 and 1977, neither was plaintiff selected for promotion.

In December 1977 and again in January 1978, plaintiff applied to the ABCMR requesting that his non-selections for promotion be set aside and that he be retained by the Army pending correction of his military record. He also requested that he be further considered for promotion to the regular grade of Captain. These applications were denied. Plaintiff was honorably discharged from the regular Army on February 1, 1978 and appointed a Captain, U.S. Army Reserve, Signal Corps Branch, but was not ordered to active duty.

Beginning on June 20, 1978 plaintiff made repeated applications with the ABCMR for correction of his military records. Plaintiff sought the same basic relief in all of the applications: removal of the 1971 OER prepared by Captain Voris and substitution with a more favorable OER prepared in 1978 by Major Park[2], together with corrections to his record to remove evidence of his 1978 release from active duty.

Included with the applications were written statements by Major Sowa, Major Park, LTC Pierce, Captain Bell and Captain Voris. The statements, while somewhat contradictory, generally state that plaintiff was under Captain Voris' immediate supervision for less than 60 days.[3] The ABCMR repeatedly denied plaintiff's application without a hearing, noting that the plaintiff had failed to show probable material error or injustice and that plaintiff had failed to provide an official rating scheme or orders showing that Captain Voris was not plaintiff's proper rater.[4] The ABCMR's third and last denial was issued on September 2, 1981.

Plaintiff filed suit in this court on July 19, 1982.[5] On July 27, 1983 defendant moved for dismissal, or in the alternative, for summary judgment. On September 19, 1983, plaintiff also moved for summary judgment. Jurisdiction is proper under the Tucker Act, 28 U.S.C. § 1491.

## DISCUSSION

We initially turn to Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted. RUSCC 12(b) provides that a motion to dismiss for failure to state a claim upon which relief can be granted is to be treated as a motion for summary judgment when matters outside the pleadings are presented and accepted by the court. Because defendant has submitted a certified administrative record[6]

1. 10 U.S.C. 3442(c).

2. The delayed 1978 OER covers the period of time from March 7, 1971 to July 12, 1971 and rates plaintiff in the 98th percentile.

3. The applicable Army regulations at that time required the rating officer to have supervised the officer to be rated for a minimum of 60 days. Army Regulation 623–105 (September 10, 1970).

4. Plaintiff's application was referred several times to the Evaluation Report Branch of the United States Army Military Personnel Center for an expert opinion as to the correctness of the OER. The branch concluded that there was nothing in the application and statements submitted which supported a change in the OER.

5. Plaintiff originally filed suit in the United States Court of Claims on November 2, 1981; however, the petition was dismissed without prejudice for verbosity.

6. The certified administrative record consists of plaintiff's official military personnel file and the retained file of the Army Board of Correction of Military Records pertaining to plaintiff.

and both parties have moved for summary judgment and have filed briefs in support thereof, we will view Defendant's Motion to Dismiss as having merged into its Motion for Summary Judgment. *See Moffett v. Commerce Trust Co.,* 187 F.2d 242, 249 (8th Cir.) *cert. denied* 342 U.S. 818, 72 S.Ct. 32, 96 L.Ed. 618 (1951).

Summary judgment is appropriate only when there is no material issue of fact and the moving party is entitled to judgment as a matter of law. *South Louisiana Grain Services, Inc. v. United States,* 1 Cl.Ct. 281, 289 (1982). After careful review of all the party submissions, including the administrative record, this court concludes that there is no genuine issue of material fact and this action is ripe for summary judgment.

In this case, plaintiff is seeking review of a decision of the ABCMR. Section 1552(a) of 10 U.S.C. empowers the Secretary of the Army, acting through boards of civilians, to correct the military records of that branch "when he considers it necessary to correct an error or remove an injustice." It is well settled that this court has jurisdiction to review such corrections, or as alleged here, failure to correct; however, the scope of review is narrow. *Crispino v. United States,* 3 Cl.Ct. 306, 312 (1983); *Sanders v. United States,* 219 Ct.Cl. 285, 300, 594 F.2d 804, 812 (1979); *Skinner v. United States,* 219 Ct.Cl. 322, 333, 594 F.2d 824, 831 (1979). As this court has held on numerous occasions:

> Once a plaintiff has sought relief from the Correction Board, such plaintiff is bound by that board's determination unless he can meet the difficult standard of proof that the Correction Board's decision was illegal because it was arbitrary or capricious, or in bad faith, or unsupported by substantial evidence, or contrary to law, regulation, or mandatory published procedure of a substantive nature by which plaintiff has been seriously prejudiced, and money is due.

*Sanders v. United States,* 219 Ct.Cl. 285, 298, 594 F.2d 804, 811 (1979). *See Heisig v. United States,* 719 F.2d 1153 (Fed.Cir.1983).

Additionally, a decision of the Correction Board which is in error or is unjust is reversible only if it is substantial and prejudicial to plaintiff. *Sanders v. United States,* 219 Ct.Cl. at 298, 594 F.2d at 811; *Skinner v. United States,* 219 Ct.Cl. at 329, 333, 594 F.2d at 828, 830–831.

Plaintiff argues that because he was not under the immediate supervision of Captain Voris for the required 60 days while assigned as a VOLAR officer, the OER prepared by Captain Voris in 1971 should be invalidated in order to accept the delayed OER prepared by Major Park in 1978. The ABCMR, after considering the statements by Captain Voris, Major Sowa, Major Park, LTC Pierce and Captain Bell as well as the previous applications, concluded that the 1971 (Captain Voris) OER was submitted in accordance with the provisions of Army Regulation 623–105 paragraph 2–5(1) (September 10, 1970) which read in part: "In some cases the immediate superior may not be an officer of the unit to which the rated officer is assigned but he may be the supervisor for the rated officer's principal duty." The ABCMR further concluded that the statements submitted by Captain Voris, Major Sowa, Major Park, LTC Pierce and Captain Bell were contradictory and that without a rating scheme or similar supporting documentation, there was no basis for voiding the OER prepared by Captain Voris in 1971. Even though Captain Voris may not have been plaintiff's immediate supervisor for VOLAR duty, it was not clear to the ABCMR that Captain Voris was an improper supervisor or rater for plaintiff's principal duty.

We uphold the ABCMR's decision. Plaintiff has not only failed to carry his burden of showing that the ABCMR's decision was illegal under *Sanders,* plaintiff has not alleged sufficient facts to establish an adequate nexus between the 1971 OER and his subsequent discharge. Assuming *arguendo,* that the 1971 OER or the non-rated period from March 7 to July 11, 1971 was in error, plaintiff has not alleged sufficient facts showing that the error(s) substantially affected the decision of the Regular Army

Selection Board to not promote plaintiff. *See Hary v. United States,* 223 Ct.Cl. 10, 17, 618 F.2d 704 (1980). Rather, the record shows that plaintiff received nine OER's subsequent to the 1971 OER in a variety of positions over a span of six years during which time plaintiff was twice promoted from Second Lieutenant to Captain AUS. While the 1971 OER was not plaintiff's most outstanding OER, nor was the unrated period and time spent in the MTU necessarily helpful in plaintiff's military advancement, those facts alone do not appear to have substantially affected the Army's decision not to promote plaintiff.

## CONCLUSION

In light of the foregoing reasons, the court concludes that plaintiff is not entitled to relief and that defendant is entitled to summary judgment as a matter of law. Having decided that defendant is entitled to judgment as a matter of law, we do not need to reach Defendant's Motion for Summary Judgment on the doctrine of laches.

Therefore, Defendant's Motion for Summary Judgment is granted and Plaintiff's Cross-Motion for Summary Judgment is denied. The complaint is to be dismissed.

IT IS SO ORDERED.