John A. **FRENCH,** Plaintiff,

v.

The **UNITED STATES,** Defendant.

No. 97–371 C.

United States Court of Federal Claims.

Oct. 14, 1998.

---

John A. French, Bethany, Okla., pro se plaintiff.

William Peachey, Washington, D.C., with whom were Assistant Attorney General Frank W. Hunger, Director David M. Cohen, and Assistant Director James M. Kinsella, for defendant.

## ORDER

MOODY R. TIDWELL, III, Senior Judge.

This is a military pay case in which plaintiff claims he was improperly retired at a lower rank as a result of an improper decision of the army administrative reduction board. Plaintiff seeks compensation, restoration of his rank, and correction of his military record. Now before the court is defendant's motion to dismiss plaintiff's claims for lack of subject matter jurisdiction (pursuant to RCFC 12(b)(1)) and for failure to state a claim upon which relief can be granted (pursuant to RCFC 12(b)(4)), or, in the alternative, motion for judgment on the record (pursuant to RCFC 56.1).[1] For the reasons set forth below, the court denies, in part, defendant's motion to dismiss, but allows defendant's motion for judgment on the record, hereby affirming the reduction board's determination.

## BACKGROUND

Plaintiff served as an enlisted soldier in the United States Army from December 27, 1963, until he retired on June 30, 1991. Plaintiff accumulated his twenty-eight years of service through a combination of time served in the Regular Army, the United States Army Reserve, and the United States Army Active Guard/Reserve. During his years of service, the highest rank that plaintiff attained was that of Sergeant Major. On May 30, 1990, however, an administrative reduction board reduced plaintiff's rank from Sergeant Major (grade E–9) to that of Master Sergeant (grade E–8). On July 2, 1990, plaintiff appealed the reduction board's find-

---

1. Defendant titled its motion "Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment." Because defendant moved for summary judgment pursuant to RCFC 56.1, however, the court views the motion as one for judgment upon the administrative record. In any event, the standards for summary judgment and for judgment on the administrative record are identical. *See Rose v. United States,* 35 Fed. Cl. 510, 512 (1996).

ings without success, and on June 30, 1991, plaintiff voluntarily retired at the lower grade E–8 rank.

On August 14, 1991, plaintiff petitioned the Army Board for Correction of Military Records (ABCMR) to restore his rank to that of E–9 and to delete from his record the reduction board results. By letter dated September 28, 1993, the ABCMR, noting that plaintiff had the burden to provide sufficient evidence of error or injustice and that neither his application to the ABCMR nor his personnel file contained the reduction board proceedings, advised plaintiff that it could take no action on his petition. (Compl.Ex. A.)

Plaintiff filed suit in this court on May 27, 1997, alleging that the reduction board and ABCMR made numerous procedural errors and that the decisions to reduce his rank and refuse to correct his military record were arbitrary and capricious, particularly since the reduction board proceedings are suspiciously omitted from his military record. In the absence of evidence to support the rank reduction, plaintiff argues, he is entitled to retire at the higher grade. Plaintiff seeks the following relief: (1) back pay and compensation in the amount of $170,052 plus interest and costs; (2) restoration of the higher E–9 ranking; and (3) correction of his military record so that it reflects the higher grade and deletes reference to the reduction board results.

In response to these allegations, on December 10, 1997, defendant filed a motion to dismiss, or in the alternative, motion for judgment on the record. The court now considers the issues raised therein.

## DISCUSSION

### I. Motions to Dismiss

#### A. Subject Matter Jurisdiction (RCFC 12(b)(1))

In considering defendant's motion to dismiss for lack of subject matter jurisdiction, the court must accept as true any undisputed allegations of fact made by the nonmoving party. *See Reynolds v. Army and Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed.Cir.1988).

The non-moving party then bears the burden of establishing jurisdiction. *See id.* at 748. Only contested facts relevant to subject matter jurisdiction must be decided by the court. *See id.* at 747. "Although the court must generally assume unchallenged facts are true when deciding whether it has [jurisdiction], the court is not required to accept plaintiff's framing of the complaint." *Lewis v. United States*, 32 Fed.Cl. 301, 304 (1994), *aff'd*, 70 F.3d 597 (Fed.Cir.1995). Rather, "the court should look to plaintiff's factual allegations to ascertain the true nature of the claims" and may also look "to matters outside the pleadings." *Id.*

The Tucker Act, 28 U.S.C. § 1491, provides jurisdiction in the United States Court of Federal Claims for non-tort money suits against the United States founded either upon the Constitution, a statute or regulation, or upon an express or implied contract with the United States. 28 U.S.C. § 1491(a)(1) (1994). In this case, plaintiff asserts a jurisdictionally proper claim under 10 U.S.C. § 1552. Section 1552 allows the Secretary of the Army to correct military records and make payment to the claimant if money is due. *See* 10 U.S.C. § 1552(a)(1) and (c) (1994). It is well settled that the Court of Federal Claims has jurisdiction under section 1552 "to consider claims that the Secretary or a correction board has improperly failed to correct an alleged error or injustice." *Crispino v. United States*, 3 Cl. Ct. 306, 312 (1983); *see Hertzog v. United States*, 167 Ct.Cl. 377, 384, 1964 WL 8548 (1964); *Weide v. United States*, 4 Cl.Ct. 432, 435 (1984). The court's authority to grant equitable relief (i.e. correct the record), however, is premised on the court's ability to award monetary damages. *See* 28 U.S.C. § 1491 (1994). Here, plaintiff claims that the army improperly reduced his rank and then the ABCMR subsequently failed to correct his military record to reflect the higher E–9 ranking. Accordingly, the court has jurisdiction to review the ABCMR's decision, but only if plaintiff is also entitled to money damages if the record is corrected. The question for this court is whether 10 U.S.C. § 1552 is money-mandating for jurisdictional purposes.

### 1. Money Mandating Requirement

In *Blum v. United States*, 227 Ct.Cl. 555, 1981 WL 21399 (1981), the Court of Claims accepted jurisdiction under section 1552, expressly stating that section 1552 is money mandating for jurisdictional purposes. *See Blum v. United States*, 227 Ct.Cl. 555, 559 n. 3 (1981) ("10 U.S.C. § 1552 is a statute expressly mandating compensation, and we can enforce it if the plaintiff should have been retired for disability but the Correction Board illegally failed to so find."); *see also Sanford v. United States*, 32 Fed.Cl. 363, 367 (1994). This court has previously discussed that a Court of Claims decision is controlling unless it is overturned by an *en banc* decision of the Federal Circuit. *See Sanford*, 32 Fed. Cl. at 367. Since *Blum* has not been overturned by an *en banc* panel, this court again holds that section 1552 is a money-mandating statute for purpose of jurisdiction.

Defendant argues that, contrary to *Blum*, section 1552 does not mandate a substantive right of payment. The court recognizes that there is some support in recent law for defendant's argument, but under a RCFC 12(b)(4) analysis. *See Dehne v. United States*, 970 F.2d 890, 892–94 (Fed.Cir.1992) (stating section 1552 is not pay-mandating and also stating defendant's argument under the Tucker Act is RCFC 12(b)(4) defense); *see also Sanford*, 32 Fed.Cl. at 367. These same cases, however, recognize that "military personnel who are seeking a pay differential between current pay and that of a higher rank for active service may properly state a claim for back pay under the Tucker Act." *Dehne*, 970 F.2d at 894; *see Sanford*, 32 Fed.Cl. at 367. This court cannot reconcile how section 1552 can satisfy the jurisdictional money-mandating requirement, yet fail to state a claim that provides monetary relief. *See Dehne*, 970 F.2d at 892 (affirming jurisdiction) and 894 (dismissing for failure to state claim); *Sanford*, 32 Fed.Cl. at 367 (assuming jurisdiction but dismissing claim under 12(b)(4) for inability to provide monetary relief). Nevertheless, even under *Dehne* analysis, this court finds that plaintiff, here, establishes jurisdiction and also states a claim upon which relief can be granted. Accordingly, the court need not resolve the illogic in the law; this we leave for the Federal Circuit.

To state a claim for relief under RCFC 12(b)(4), plaintiff must prove that the payment he seeks is "mandated by some substantive right which is distinct from the Tucker Act itself." *Dehne*, 970 F.2d at 892–93. Courts have stated that section 1552 does not, by itself, qualify plaintiff for monetary relief. *See Dehne*, 970 F.2d at 894 (finding that correcting record to reflect "constructive" service did not entitle plaintiff to payment under section 1552); *Sanford*, 32 Fed.Cl. at 367 (determining plaintiff did not qualify for pay under other applicable law, so he could not be entitled to compensation under section 1552 even if his records were corrected). Therefore, the court must look outside section 1552 to determine what, if any, compensation plaintiff is due. *See Sanford*, 32 Fed.Cl. at 367.

Here, plaintiff argues that Army Regulation 635–200 provides a substantive right to relief under 10 U.S.C. § 1552. This court agrees. The regulation provides that "[r]etired soldiers who have less than 30 years of active service are entitled, when their active service plus service on the retired list total 30 years, to be advanced on the retired list to the highest grade in which they served on active duty satisfactorily." AR 635–200 ¶ 12–6(b) (Oct. 17, 1990); *see* 10 U.S.C. § 3964 (1994).[2] Plaintiff's claims arise out of his allegation that the highest rank he attained was grade E–9. Clearly, if plaintiff's military record is corrected to reflect his retirement status as E–9 rather than E–8, plaintiff would be entitled to pay at the higher E–9 scale. *See* 10 U.S.C. § 3992 (1994) (recomputing retired pay to reflect advancement under 10 U.S.C. § 3964). Therefore, under

---

**2.** Defendant disputes that plaintiff falls within this regulation and argues that plaintiff does not meet the 30-year requirement. This court, however, does not resolve factual disputes in considering a motion to dismiss. The court must view the facts in the light most favorable to the non-movant (plaintiff) and draw all inferences in favor of the non-movant. *See Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989). In so doing in this case, the court finds that plaintiff's complaint alleges sufficient facts demonstrating that this regulation applies.

10 U.S.C. § 1552, plaintiff has stated a claim upon which the court can grant monetary relief, thus satisfying the failure to state a claim analysis of *Dehne* as well as the jurisdictional analysis of *Blum.*

### B. Failure to State a Claim (RCFC 12(b)(4)).

The Supreme Court set forth the standard for evaluating motions to dismiss for failure to state a claim in *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *Conley* provides that a complaint should be dismissed only if "it appears beyond doubt that plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *Id.* at 45–46, 78 S.Ct. 99. "The court is not to decide whether plaintiff's alleged claim will ultimately succeed, but whether plaintiff has alleged facts sufficient to support its claim." *Chavez v. United States*, 15 Cl.Ct. 353, 356 (1988). The court must construe the allegations in the complaint favorably to plaintiff. *See Hamlet v. United States*, 873 F.2d 1414, 1416 (Fed.Cir.1989) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Therefore, defendant bears a heavy burden to establish an "insurmountable bar" to plaintiff's relief. *Chavez*, 15 Cl.Ct. at 356. Here, defendant contends that plaintiff's claims are not justiciable, which constitutes an insurmountable bar to plaintiff's relief.[3]

#### 1. Justiciability

■ To grant plaintiff relief in this case, this court must be competent to hear the claim; that is, the matter must be justiciable. *See Murphy v. United States*, 993 F.2d 871, 872 (Fed.Cir.1993), *cert. denied,* 511 U.S. 1019, 114 S.Ct. 1402, 128 L.Ed.2d 75 (1994). Justiciability is not the same as jurisdiction. *See id.* A controversy is justiciable only if "the Secretary's discretion is limited and Congress has established 'tests and standards' against which the court can measure his conduct." *Id.* at 873; *see Voge v. United States,* 844 F.2d 776, 780 (Fed.Cir.1988). If the Secretary has unfettered discretion or if no test or standard is provided to guide the

court, then the court is precluded from deciding the dispute. *See Murphy*, 993 F.2d at 873.

Traditionally, courts have been reluctant to interfere with military decision making. *See Orloff v. Willoughby,* 345 U.S. 83, 93–94, 73 S.Ct. 534, 97 L.Ed. 842 (1953) ("[J]udges are not given the task of running the Army.... Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters...."); *see also Adkins v. United States,* 68 F.3d 1317, 1322–23 (Fed.Cir.1995); *Murphy,* 993 F.2d at 874. As the Federal Circuit has repeatedly warned, courts are not competent to decide the substantive merits of military affairs. *See Adkins,* 68 F.3d at 1332 ("The merits of a service secretary's decision regarding military affairs are unquestionably beyond the competence of the judiciary to review."); *Murphy,* 993 F.2d at 874 ("The merits of the Air Force's decision to release [this officer] from active duty are beyond judicial reach."); *Sargisson v. United States,* 913 F.2d 918, 922 (Fed.Cir.1990) ("A court lacks the special expertise needed to review reserve officers' records and rank them on the basis of relative merit."). That is not to say, however, that all matters involving military decisions present non-justiciable questions. *See Adkins,* 68 F.3d at 1323.

■ While "the *merits* of a decision committed wholly to the discretion of the military are not subject to judicial review, a challenge to the particular *procedure* followed in rendering a military decision may present a justiciable controversy." *Id.; see Murphy,* 993 F.2d at 873 (Even "[w]hen the military is given unlimited discretion by Congress, it is nevertheless bound to follow its own procedural regulations"). In reviewing procedural matters, the procedures or regulations themselves provide the court with tests and standards to apply. *See Murphy,* 993 F.2d at 873. Likewise, the procedures, by implication, limit the military's discretion. *See id.* Moreover, the Federal Circuit has "consistently interpreted [10 U.S.C. § 1552] as subjecting the procedural aspects of a

---

3. Defendant also raised expiration of the statute of limitations as grounds for dismissal but later withdrew this argument. (Def. Reply at 5 n. 2.)

military record correction decision to judicial scrutiny." *Adkins,* 68 F.3d at 1325. It is clear, therefore, that under plaintiff's section 1552 challenge to the military's decision to reduce his rank, the question of whether the decision violated a procedure, law, or regulation constitutes a justiciable question. *See id.* at 1323. Whether the military erred in reaching its decision on the merits, however, is not justiciable. *See id.*

To the extent that plaintiff asks the court to review the evidence and the findings of the administrative reduction board and to evaluate the merits of the army's decision to reduce plaintiff's rank, the court cannot do so because such matters are non-justiciable.

The graveman of plaintiff's complaint, however, is procedural. Plaintiff contends that "the Command totally failed to comply with its own directives and Army Regulations in handling of this matter" and, further, that the army engaged in "a pattern and course of conduct ... that is arbitrary, capricious, and not in accordance with Army Regulations." (Pl. Aff. in Opp. to Def. Mot. at 3–4.) Plaintiff cites numerous examples of alleged procedural violations: (1) "the [administrative reduction] board was not properly convened" [allegedly violates AR 140–158 ¶ 7–6(d)(2) ]; (2) "[t]he board also considered objectionable evidence of uncharged misconduct" [allegedly violates AR 140–158 ¶ 7–9]; (3) "[t]he findings of the reduction board were erroneous and not supported by the evidence" [allegedly violates AR 140–158 ¶ 7–10]; (4) "the reason and authority for [plaintiff's] reduction from E–9 to E–8 are not listed on the reduction order" [allegedly violates AR 600–200 ¶ 6–14]; and (5) "no 15–6 investigation was done as required, and the requirements for reduction due to inefficiency were not met" [no rule violation provided]. (Pl. Aff. in Opp. to Def. Mot. at 2–5.) It is clear that these procedural claims are justiciable.

Plaintiff's final contention is that the ABCMR improperly rejected his petition for correction; given that plaintiff's military file did not contain the administrative reduction board proceedings, the ABCMR should have granted plaintiff relief. To the extent this presents a procedural question, this claim is also justiciable.

## II. Judgment on the Administrative Record

■ Motions for judgment upon the administrative record are treated in accordance with the rules governing motions for summary judgment. *See* RCFC 56.1; *Rose v. United States,* 35 Fed.Cl. 510, 512 (1996). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* RCFC 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is considered material if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. In deciding a motion for judgment upon the record, as with summary judgment, the court is "not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505.

A party moving for summary judgment bears the initial burden of demonstrating the absence of evidence to prove the non-moving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the moving party demonstrates an absence of supporting evidence, then the burden shifts to the non-moving party to show that a genuine factual dispute exists. *See id.; Sweats Fashions, Inc. v. Pannill Knitting Co.,* 833 F.2d 1560, 1563 (Fed.Cir.1987). Neither party may discharge its burden by cryptic, conclusory, or generalized responses. *See Willetts v. Ford Motor Co.,* 583 F.2d 852, 856 (6th Cir.1978). Generally, in order to prevail, the non-moving party must present, in the way of evidence, more than just the pleadings in order to demonstrate that a genuine issue for trial exists. *See Celotex,* 477 U.S. at 324, 106 S.Ct. 2548. The court must resolve any doubts over factual issues in favor of the party opposing summary judgment. *See Litton Indus. Prods., Inc. v. Solid State Sys. Corp.,* 755 F.2d 158, 163 (Fed.Cir.1985). The non-movant is also entitled to the benefit of all presumptions and inferences. *See H.F.*

*Allen Orchards v. United States,* 749 F.2d 1571, 1574 (Fed.Cir.1984).

 Judicial review of an administrative board decision is limited. *See Ferrell v. United States,* 23 Cl.Ct. 562, 567 (1991). A decision may be set aside only if the court finds that it was "arbitrary, capricious, in bad faith, unsupported by substantial evidence, or contrary to applicable law or regulation." *Crispino v. United States,* 3 Cl.Ct. 306, 312 (1983); *see Sanders v. United States,* 219 Ct.Cl. 285, 594 F.2d 804, 813 (1979). The burden of overturning a military board decision is a heavy one because plaintiff must overcome the strong presumption that administrators of the military "discharge their duties correctly, lawfully, and in good faith." *Sanders,* 594 F.2d at 813; *see Crispino,* 3 Cl.Ct. at 312. The burden of proof rests squarely on plaintiff's shoulders to demonstrate, by "cogent and clearly convincing evidence," not only that the decision of the military was arbitrary but also that plaintiff was substantially and seriously prejudiced by the resulting error or injustice. *Wood v. United States,* 176 Ct.Cl. 737, 743, 1966 WL 8883 (1966); *see Sanders,* 594 F.2d at 813; *Weide v. United States,* 4 Cl.Ct. 432, 435 (1984). In the absence of such a strong showing, the determinations of the military are final and binding. *See Armstrong v. United States,* 205 Ct.Cl. 754, 761, 1974 WL 21688 (1974); *Crispino,* 3 Cl.Ct. at 312. Adding to plaintiff's difficult burden is that the court must give broad deference to the military's decisions and must be careful not to substitute its judgment for that of the correction board. *See Sanders,* 594 F.2d at 814; *Crispino,* 3 Cl.Ct. at 312.

 Plaintiff's justiciable claims are summarily dismissed pursuant to defendant's motion for judgment on the record. Although plaintiff makes numerous allegations of procedural violations, plaintiff provides no evidence whatsoever that either the administrative reduction board or the ABCMR violated any procedure, regulation, or law. In the absence of evidence to rebut the strong presumption that the army's decisions are valid, the court cannot order the corrections that plaintiff requests.

 Contrary to plaintiff's plea, the court cannot resolve the dispute in plaintiff's favor based upon the fact that plaintiff's military records do not contain the administrative reduction board proceedings. As plaintiff is aware, it is the responsibility of the applicant to procure evidence not contained in his official file and to present same to the ABCMR in support of his case. *See* 32 C.F.R. § 581.3(d)(5)(i) (1997). By affidavit, filed on August 14, 1998, plaintiff states it has not been able to procure the administrative reduction proceedings. (Aff.¶ 6.) The court cannot presume that the board acted arbitrarily in the absence of evidence to the contrary, as this misstates the burden of proof which is placed soundly at plaintiff's feet. *See Wood,* 176 Ct.Cl. at 743 ("Absent convincing proof, [the court] will not impute bad faith or arbitrariness to that board."); *Furlong v. United States,* 153 Ct.Cl. 557, 563, 1961 WL 8689 (1961); *see also Crispino,* 3 Cl.Ct. at 312 (assigning burden to plaintiff).

The court also notes that the ABCMR's decision not to correct plaintiff's record fully complies with 32 C.F.R. § 581.3, which allows the correction board to "deny an application if it determines that insufficient relevant evidence has been presented to demonstrate the existence of probable material error or injustice." 32 C.F.R. § 581.3(c)(5)(ii) (1997). Therefore, the ABCMR properly denied plaintiff's petition for correction because plaintiff provided no evidence at all to rebut the presumption of validity that attached to the administrative reduction board's decision.

 One of plaintiff's claims, however, merits further analysis—plaintiff's claim that the reduction order is invalid because it did not contain the reason for the reduction in rank.[4] It is true that the omission constitutes a procedural violation, but the remedy for such violation is not to reinstate plaintiff at the higher E–9 rank. *See Adkins,* 68 F.3d at 1326 (plaintiff entitled to correction of procedural defect but not entitled to rein-

---

4. The reduction order does, contrary to plaintiff's allegation, contain explicit citations to the au-thority as required by army regulations. (Administrative Record at 14.)

statement as matter of law). At most, the court could order correction of the reduction order to reflect the reasons for plaintiff's reduction in rank. *See id.; Murphy,* 993 F.2d at 873–74 (refusing to countenance corrections that constitute judicial evaluation on merits). Even with record correction, however, the court cannot overturn the reduction board's decision to reduce plaintiff's rank because the merits of the army's decision remain non-justiciable. *See Murphy,* 993 F.2d at 871 ("The correction of allegedly erroneous records added nothing to the court's ability to second guess the military."). Furthermore, the erroneous order, here, had no bearing whatsoever on the military's decision to reduce plaintiff's rank; the error is harmless. *See Adkins,* 68 F.3d at 1326 (only harmful procedural errors afforded relief). In any event, plaintiff admits he was made aware of the reduction board's findings and has disputed same since receipt of the order in May 1990. Therefore, it is impossible for plaintiff to demonstrate that he has been prejudiced by the omission in the reduction order of the reasons for the demotion. Absent a showing of serious prejudice, plaintiff does not overcome the presumption of the order's validity, and plaintiff does not meet the stringent burden of proof in this case. *See Crispino,* 3 Cl.Ct. at 312.

## CONCLUSION

For the reasons stated above, defendant's motion to dismiss for lack of jurisdiction is denied; defendant's motion to dismiss for failure to state a claim is allowed to the extent that plaintiff requests substantive review of the army's decisions and denied to the extent plaintiff requests procedural review of the army's decisions; and defendant's motion for judgment on the administrative record is allowed.

**IT IS SO ORDERED.**