**James E. POOLE, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 08–291C.**

United States Court of Federal Claims.

Dec. 15, 2008.

James E. Poole, Rockbridge Baths, VA, pro se.

Michael D. Austin, U.S. Department of Justice, Washington, DC, with whom were Gregory G. Katsas, Assistant Attorney General and Director Jeanne E. Davidson, for defendant. Captain Patrick Grant, Department of the Army, Arlington, VA, of counsel.

## ORDER ON MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD[1]

FIRESTONE, Judge.

Currently pending before the court is the United States Government's ("government's") July 31, 2008 Motion for Judgment on the Administrative Record pursuant to Rule 52.1 of the Rules of the Court of Feder-

al Claims ("RCFC"). In this action, *pro se* plaintiff James E. Poole ("Mr. Poole"), a former member of the Virginia Army National Guard ("VA–ARNG"),[2] challenges the military's decision to set his retirement grade at major effective November 1, 1996. Mr. Poole contends in his amended complaint that he should have been retroactively promoted to major effective September 22, 1992 and that he is entitled to approximately $30,000 in back pay for the period between September 23, 1992 and October 31, 1996. The government argues in its motion that under the regulations governing promotions of Active Guard/Reserve ("AGR") officers in the National Guard, Mr. Poole was properly promoted to major effective November 1, 1996 and that the government is therefore entitled to judgment upon the administrative record. For the reasons discussed below, the government's Motion for Judgment on the Administrative Record is **GRANTED.**

## FACTS

The background facts regarding Mr. Poole's relationship with the VA–ARNG are set forth in the court's prior opinions and will not be repeated here. *See Poole v. United States,* 64 Fed.Cl. at 776; *Poole v. United States,* 2006 WL at 5625386. The facts relevant to the current motion as contained in the administrative record may be summarized as follows. In 1992, after several years in the VA–ARNG, Mr. Poole was considered for promotion by a Reserve Component Selection Board ("RCSB"). At that time, Mr. Poole was passed over for promotion from captain to major. The next year, while Mr. Poole was still serving on active duty, he was informed that he had been selected by the RCSB for promotion to major. The promotion letter, dated August 18, 1993, stated that Mr. Poole had been selected for promotion as a "Reserve Commissioned Officer *Not on Active Duty.*" App. to Compl. at 62 (emphasis added). The letter further stated

---

1. This is Mr. Poole's third challenge to the events surrounding his disability retirement from the military for mental health reasons. *See Poole v. United States,* 64 Fed.Cl. 776 (2005); *Poole v. United States,* 2006 WL 5625386 (Fed.Cl.2006) (unpublished).

2. Pursuant to 10 U.S.C. §§ 12301(d) (2004) and 12310 (2006), some members of the reserve component of the United States Army ("Army") are placed on full-time active service. Mr. Poole was one of these individuals.

that he was eligible for promotion as of September 22, 1992 and that this eligibility date "will be used in computing time in grade for Reserve promotion to the next higher grade." [3] *Id.* The letter did not, however, state that the promotion would be immediately effective. Rather, under the rules governing promotions for officers in the AGR who are on *active duty* and are selected for promotion but are *not* assigned to a position at a higher grade, Mr. Poole was given a choice between remaining on the promotion list until he was assigned to a position at the higher grade or receiving the promotion and leaving active duty. *See* Army Reg. 135–155 ¶¶ 4–14, 4–20 to 4–25.[4] In light of these regulations, Mr. Poole, as expressly provided for under National Guard Regulation ("NGR") 600–100, *Commissioned Officers Federal Recognition and Related Personnel Actions,* ¶ 8–17 (Apr. 15, 1994), requested that his promotion be delayed until he was either assigned to a position calling for a higher grade or left active duty.

On August 21, 1996, a Physical Evaluation Board ("PEB") determined that Mr. Poole could no longer satisfactorily perform in his grade and speciality. As a result, he was placed on the Temporary Disability Retirement List ("TDRL") in the retired grade of captain, effective November 1, 1996. Thereafter, in 1998, Mr. Poole was placed on the Permanent Disability Retirement List ("PDRL") in the retired grade of captain.

On June 12, 1999, Mr. Poole applied to the Army Board of Corrections of Military Records ("ABCMR") to obtain his promotion to major. The ABCMR denied his request. However, on October 25, 2002, the Physical Disability Agency ("PDA"), which was reviewing Mr. Poole's challenge to his disability award, issued an order retroactively retiring Mr. Poole in the grade of major effective November 1, 1996. That date was selected because on November 1, 1996, Mr. Poole had been placed on the TDRL, thereby releasing him from active duty under the AGR Program.

In the present action, Mr. Poole contends that the PDA should have issued an order retroactively promoting Mr. Poole to major as of September 22, 1992, the date on which the RCSB determined he was *eligible* for promotion to major. Mr. Poole argues that under the governing regulations, he is entitled to a retroactive promotion along with back pay and allowances as of his promotion *eligibility* date. The government disagrees with Mr. Poole's reading of the regulations and contends that under the regulations, Mr. Poole was not entitled to his promotion until he was released from active duty, on November 1, 1996. The government argues that Mr. Poole was not entitled to his promotion to major until after he left active duty. Thus, the government contends the effective date of Mr. Poole's promotion was November 1, 1996, and he is therefore ineligible for back pay for the period between September 22, 1992 and October 31, 1996. In short, the government argues that Mr. Poole has confused the "effective date" of his promotion with the "eligibility date" for his promotion.

## DISCUSSION

### A. Standard of Review

■ The standards for judgment on the administrative record under RCFC 52.1 are well-settled. In order to prevail, the plaintiff must establish "by cogent and clearly convincing evidence" that "the [military's] decision was arbitrary, capricious, unsupported by substantial evidence, or contrary to appli-

---

**3.** The officer's promotion eligibility date ("PED") is the date the officer meets the eligibility criteria for promotion to the next higher grade. The officer's Date of Rank ("DOR") is the date the member actually or constructively was appointed or promoted to a specific grade. The officer's PED will become the officer's DOR upon promotion. The DOR will be used to establish the PED to the next grade. Army Regulation ("Army Reg.") 135–155, *Promotion of Commissioned Officers and Warrant Officers Other than General Officers* ¶ 4–15 (Sept. 1, 1994).

**4.** *See also* Army Reg. 135–155 ¶ 4–19(d):

AGR officers will be promoted effective on their PED provided they are attached to a position in the higher grade.... An AGR officer who is not attached to a position in the higher grade will be promoted effective on the date of reattachment to a higher graded position or *the day after release from AGR status. The PED will then become the DOR.*

(emphasis added). The officer does not become eligible for pay and allowances in the higher grade until the effective date of the promotion.

cable statutes or regulations." *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed.Cir.1986). This court "will not disturb the decision of the corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Chambers v. United States,* 417 F.3d 1218, 1227 (Fed.Cir.2005) (*citing Haselrig v. United States,* 333 F.3d 1354, 1355 (Fed.Cir.2003)); *see also Craft v. United States,* 210 Ct.Cl. 170, 179, 544 F.2d 468 (1976) ("As a general rule in the disability retirement area, the court is limited to determining whether the action of the military is arbitrary, capricious, unsupported by substantial evidence or contrary to applicable statutes or regulations."); *Kirwin v. United States,* 23 Cl.Ct. 497, 502 (1991) (same); *de Cicco v. United States,* 230 Ct.Cl. 224, 677 F.2d 66, (1982) (same). "Thus, the burden of overturning a military board decision is a heavy one." *Boyer v. United States,* 81 Fed. Cl. 188, 191 (2008) (*quoting French v. United States,* 42 Fed.Cl. 49, 56 (1998) (internal quotation marks omitted)); *see, e.g., Harris v. United States,* 14 Cl.Ct. 84, 90 (1987) (noting "the heavy burden" borne by such plaintiffs).

### B. The Plaintiff Is Not Entitled to a Retroactive Promotion to September 22, 1992 or to Back Pay.

██ As stated above, Mr. Poole maintains that under the rules governing the promotion of AGR officers, his retroactive promotion to major by the PDA should have extended back to September 22, 1992, the date in which the RCSB determined that Mr. Poole was *eligible* for promotion. In response, the government argues that Mr. Poole's claim is based on a misreading of the regulations applicable to the promotion of AGR officers. In particular, the government contends that under Paragraph 4–14 of Army Reg. 135–155, officers on active duty for AGR, such as Mr. Poole, are not entitled to an immediate promotion following selection on the promotion list until (1) they are assigned to a position calling for a higher grade, or (2) they are "released from AD [active duty]." The regulations draw a distinction between "promotion eligibility dates" in Paragraph 4–15 and promotion "effective dates" in Paragraph 4–19. Army Reg. 135–155.

Under Paragraph 4–15, an officer's *promotion eligibility* date or "PED" is the date that an officer meets the criteria for promotion. *Id.* However, the officer's right to increased pay is governed by the *effective date of the promotion.* Under Paragraph 4–19, an officer is not entitled to increased pay until the promotion becomes "effective." *Id.* Paragraph 4–19 states that the effective date is "the date the officer is eligible for pay and allowances in the higher grade." *Id.* Under Paragraph 4–19(d), which deals with AGR officers, the Army regulation states, "An AGR officer who is not attached to a position in the higher grade will be promoted *effective on the date of reattachment to a higher graded position or the day after release from AGR status." Id.* (emphasis added). The government explains that under the terms of these regulations, because Mr. Poole was never assigned a higher grade while on active duty, his promotion was "effective" only after he was placed on disability and left active duty status, on November 1, 1996.

Mr. Poole's reliance on the orders which identified September 22, 1992 as his Date of Rank ("DOR") for major is misplaced. The DOR is the "date used to determine the relative seniority for officers holding the same grade." *Id.* at ¶ 4–14(b). The DOR and the PED are used to determine when an officer will become eligible for promotion to the next higher grade. The "effective date" of promotion, however, is the date the officer becomes *entitled* to the pay and allowances of the higher grade. That date, for AGR officers, turns on when they become "attached to a position in the higher grade" or "the day after release from AGR status." *Id.* at ¶ 4–19(d).

Here, there is no dispute that Mr. Poole was never attached to a higher grade position in the AGR. Therefore, he only became eligible for higher pay after his release from the AGR. In this case, Mr. Poole became eligible for higher pay when he was placed on the TDRL. Accordingly, the Administrative Record demonstrates that the PDA's decision to retroactively retire Mr. Poole in the grade of major effective November 1, 1996 was correct.

## CONCLUSION

For the reasons set forth above, the government's motion for judgment on the administrative record is **GRANTED.** The Clerk of the Court is directed to enter judgement dismissing the complaint.